In the Matter of ERNEST F. FERULLO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 26, 1982

### APPEARANCES OF COUNSEL

*David E. Brennan* (*Gerard M. La Russo* of counsel), for petitioner.

*Charles F. Crimi* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent is an attorney at law maintaining offices for the practice of his profession in Rochester, New York. He was admitted by this court in 1971 and is presently 37 years of age.

The petition alleges that in July, 1975 respondent was retained by Mr. Carlisle Dickson to represent him in a child custody matter. Mrs. Dickson had custody of the Dicksons' two children pursuant to an order of Albany County Family Court dated June 6, 1975 and was planning to take them to the State of Wisconsin to join an ecumenical institute. At his client's request respondent obtained an order to show cause to stay Mrs. Dickson from removing the children from the State. The order was returnable in Monroe County and Supreme Court thereafter referred the

matter to Albany County. Mr. Dickson then instructed respondent to move on his behalf to reargue or appeal the Family Court custody order, particularly since it contained no provision for visitation, and also to prepare a petition in bankruptcy on his behalf. Respondent repeatedly represented to his client that he had done these things, even stating that he had contacted an Appellate Division Justice and obtained an order directing Family Court to act on the custody proceedings. In fact respondent had not moved to reargue or resettle the Family Court order nor had he appealed it, and consequently in June, 1976 Mrs. Dickson petitioned Family Court to recover past due and unpaid support payments and counsel fees totaling $11,300. Respondent persuaded his client to consent to entry of an order for that amount, apparently by advising him incorrectly that the arrears could be discharged in bankruptcy. He also advised his client that he would appeal the order directing payment of the arrears but he failed to do so. Respondent did not file the petition in bankruptcy as requested by his client.

During the same period of time, Mr. Dickson was sued for legal fees by his former attorneys and he directed respondent to make an appearance on his behalf. Respondent refused to do so since he had not been paid in full for his services. He did attempt to file a *"pro se"* appearance for his client, but the notice of appearance was untimely and the attorneys entered a default judgment against Mr. Dickson.

In October, 1976 Mr. Dickson discharged respondent and brought a malpractice action against him. During the pretrial proceedings in the pending action, respondent was asked whether he had contacted an Appellate Division Justice in 1975 as he had represented to the client. His answer, given under oath, was equivocal at best and he later admitted at the trial that he had never contacted the Justice and that he had lied to his client. The malpractice action resulted in a jury verdict of $17,844 compensatory damages and $100,000 punitive damages. Respondent filed a notice of appeal but in a period of self-reproach and despondency he discontinued the appeal and the judgment is now final.

Based upon these facts, the petition charges respondent with violating the Code of Professional Responsibility, specifically DR 1-102 (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); DR 7-102 (failing to exercise professional judgment in the best interest of his client by knowingly making false statements of law or fact); DR 6-101 (neglect); DR 7-101 (failing to carry out a contract of employment with a client to the client's prejudice or damage) and with violating rule 1022.8 of the Rules of the Appellate Division, Fourth Department (22 NYCRR 1022.8; failing to expedite court proceedings).

Respondent has admitted the relevant allegations of the petition and we find the charges and the ethical violations established.

In mitigation respondent cites his outstanding academic record, his record as a practicing attorney and his extensive *pro bono* service to the community. With reference to the Dickson case, he contends that the proceeding was a highly emotional custody matter complicated by previous proceedings beyond his control, that his client made unreasonable and excessive demands upon his conduct and time and that he was overwhelmed by the case and the client at a time when he had just opened his own law office and was, by reason of his relative youth and inexperience, unable to cope with the situation. Candidly recognizing his mistakes, he nevertheless asks us to note the damage done to his professional reputation by the wide publicity given the malpractice trial and the heavy financial burden imposed upon him by the judgment entered on the jury's verdict.

Considering all of the circumstances, we hold that six months' suspension is an appropriate penalty for respondent's misconduct.

Respondent should be suspended from the practice of law for six months.

DILLON, P. J., SIMONS, HANCOCK, JR., CALLAHAN and DOERR, JJ., concur.

Order of suspension entered.